**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DWIGHT A. SUGGS,
               Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
SF-0752-09-0734-C-2

DATE: February 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Dwight A. Suggs, Los Angeles, California, pro se.

Evan Stein, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant's petition for enforcement alleged noncompliance with a final Board order that mitigated a removal action to a 30-day suspension.  *See Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671 (2010), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011).  The compliance initial decision stated that calculations as to annual and sick leave were complex and required an audit, but that the agency ultimately produced documentation that 143 hours of sick leave and 288 hours of annual leave were restored to the appellant and that the agency had waived a debt of $4,017.60 that was incurred as a result of a portion of the annual leave being restored.  Finding that the agency had submitted relevant, material, and credible evidence of compliance with the Board's final order, and noting that the appellant had not disputed or otherwise objected to the evidence or the restored hours, the administrative judge found the agency in compliance and denied the petition for enforcement.

¶3        On review, the appellant still does not dispute or otherwise object to the agency's evidence of compliance.  He instead argues that achieving compliance required too much time and effort and asserts a lack of reimbursement for out-of-pocket expenses he incurred in pursuing his petition for enforcement.

Petition for Review File, Tab 1.  While we understand the appellant's frustration with the agency's delay in complying with the Board's final decision, once compliance is obtained, the compliance matter is moot.  *See Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 25 (2008); *Woodson v. Department of Agriculture*, 94 M.S.P.R. 289, ¶ 8 (2003).  We also note that the Board's regulations do not provide for out-of-pocket costs in a petition for enforcement. *See* 5 C.F.R. §§ 1201.181-.183, 1201.202.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.