## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERILYN L. TILLMAN,
             Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
             Agency.

DOCKET NUMBER
DA-0752-13-2534-I-1

DATE: May 18, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sherilyn L. Tillman</u>, Muskogee, Oklahoma, pro se.

<u>Jacob B. Nist</u>, Austin, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the agency failed to prove a specification of the charge of lack of candor and a number of the specifications of the charge of absence without leave (AWOL), we AFFIRM the initial decision.

¶2      The agency removed the appellant from the GS-6 position of Program Support Assistant based on the following charges: (1) willful use of a government owned vehicle (GOV) for other than official purposes; (2) unauthorized use of a GOV; (3) disrespectful conduct (three specifications); (4) inappropriate conduct; (5) failure to follow instructions (four specifications); (6) lack of candor (two specifications); and (7) AWOL (eight specifications). Initial Appeal File (IAF), Tab 5 at 25, 28, 69. The appellant appealed the agency's action, denying that she committed the charged misconduct and alleging that the agency's action was discrimination on the bases of age, religion, race, and retaliation for her prior equal employment opportunity (EEO) activities. IAF, Tab 1. The appellant requested a hearing that was held on December 5, 2013. IAF, Tab 17.

¶3      Based on the record, the administrative judge found that the agency failed to meet its burden to prove charge (1), willful use of a GOV for other than official purposes, by preponderant evidence. IAF, Tab 22, Initial Decision (ID) at 3-9. However, she found that the agency met its burden to prove that the

appellant did not have authorization to use the GOV that she drove to attend an Employee Assistance Program (EAP) meeting on April 9, 2013, thus proving charge (2).

¶4    The administrative judge also found that the agency established that on March 19, 2013, the appellant was disruptive and unprofessional during a staff meeting, that on March 4, 2013, she interrupted and spoke over her supervisor during a meeting about how the appellant was to perform her duties, and that on February 28, 2013, she told her supervisor that she was just beginning an assignment that she had received 2 weeks earlier.  ID at 9-12.  Thus, the administrative judge found that the agency proved the three specifications of charge (3), disrespectful conduct.

¶5    The administrative judge found not credible the appellant's denial that on March 7, 2013, she loudly stated "Oh Lord, there has got to be a better way," and other words to that effect, and that such statements are inappropriate when made in the manner and setting of the appellant's work station.  ID at 12-13.  Thus, the administrative judge found that the agency proved charge (4), inappropriate conduct.

¶6    The administrative judge found that the agency established that on March 19, 2013, the appellant failed to provide her supervisor with the amount spent on replacing linen in 2012 by the date specified, that on February 15, 2013, she failed to use the proper spreadsheet to assist in completing a work order, that on February 11, 2013, she failed to provide her supervisor with the blank vendor form that had been requested, and that on February 5, 2013, she refused to complete a purchase order.  ID at 13-20.  Thus, the administrative judge found that the agency proved charge (5), failure to follow instructions.

¶7    The administrative judge found that on April 10, 2013, the appellant told her supervisor that she did not know what an EAP meeting was about even though the appellant herself had scheduled the meeting, and on March 14, 2013, she provided a statement signed by her physician's nurse indicating that she would be

unable to work from March 19 through March 28, 2013, with no explanation of why she would be incapacitated. ID at 20-23. Thus, the administrative judge found that the agency proved both specifications of charge (6), lack of candor.

¶8 The administrative judge found that the agency established that on April 10, 2013, the appellant was away from her place of duty for 1½ hours without authorization, and that from March 19, 2013, through March 27, 2013, the appellant was away from the workplace without authorization because she had not provided administratively acceptable evidence to support her absence. ID at 23-25. Thus, the administrative judge found that the agency had proved all the specifications of charge (7), AWOL.

¶9 Additionally, the administrative judge found that the appellant failed to prove her affirmative defenses that the agency discriminated against her on the bases of race, religion, and age, and that she failed to prove retaliation for engaging in EEO activity. ID at 25-29. Further, the administrative judge found that the penalty was reasonable for the sustained misconduct and she affirmed the appellant's removal. ID at 29-31.

¶10 With her petition for review, the appellant submits an April 1, 2014 decision from the Office of Workers' Compensation Programs (OWCP) finding that her absences from March 19, 2013, through March 27, 2013, were related to a work-related traumatic injury that she suffered in a car accident on August 16, 2012. Petition for Review (PFR) File, Tab 2.

¶11 Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the administrative judge informed the parties that she intended to close the record at the end of the hearing. IAF, Tab 5. She stated also that no evidence on a jurisdictional issue filed after the record closed will be accepted unless it is new and material evidence. Id. The OWCP decision did not relate to a jurisdictional

issue. Thus, it was not the type of new evidence that the administrative judge indicated would be accepted into the record after the end of the hearing on December 5, 2013.[2] IAF, Tab 17. Thus, we find that the April 1 OWCP decision submitted by the appellant with her petition for review is new evidence and we consider it below. *See Avansino*, 3 M.S.P.R. 211, 214.

¶12     An AWOL charge cannot be sustained if OWCP determines that the employee was entitled to compensation benefits as a result of a work-related injury for the time period charged as AWOL. *See Brown v. National Archives and Records Administration*, 92 M.S.P.R. 95, ¶ 8 (2002). Here, OWCP's decision reverses an earlier OWCP decision that disallowed the appellant's claim, and it covers the entire period of the specifications two through eight of the agency's AWOL charge, i.e., from March 19, 2013, through March 27, 2013. PFR File, Tab 2; IAF, Tab 5 at 73-74. Specifically, OWCP's decision finds that the appellant is entitled to leave without pay for the absences in the specifications. PFR File, Tab 2. Therefore, in light of the newly-issued OWCP decision, specifications two through eight of the AWOL charge cannot be sustained. *See Burton v. Department of the Army*, 60 M.S.P.R. 392, 394-95 (1994); *cf. Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 8 (2005) (where the agency placed the appellant in an unauthorized absence status but OWCP subsequently determined that he had a compensable injury for the period of his absence, he should have been in an approved leave status).

¶13     Further, we find that in light of the newly-issued OWCP decision, specification two of the lack of candor charge cannot be sustained. Lack of candor is a "broad[ ] and . . . flexible concept whose contours and elements depend on the particular context and conduct involved." *Ludlum v. Department*

---

[2] For unexplained reasons, although the record closed at the end of the hearing on December 5, 2013, the administrative judge did not issue the initial decision until a year later on December 8, 2014, and the appellant timely filed a petition for review on January 8, 2015.

*of Justice*, [278 F.3d 1280](), 1284 (Fed. Cir. 2002).  Such a charge does not require proof of intent, but rather "involve[s] a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete."  *Id*.  *Ludlum* expressly employs a flexible lack of candor standard that requires the agency to produce some evidence that the appellant's actions, under the circumstances, involved an "element of deception."  *Id*.

¶14      Here, the relevant circumstances of specification two of the lack of candor charge are those set forth in the agency's specification underlying its charge, i.e., the appellant was denied a request for annual leave for March 21 and 22, 2013, and in response she obtained a statement from a physician stating that she would be unable to report to work from March 18 through March 26, 2013, a statement which contained no indication regarding why she would be incapacitated from the performance of her duties.  IAF, Tab 5 at 73.  The specification implies that the appellant's doctor's statement was a deception allowing the appellant to use sick leave for the period that she had been denied annual leave.  However, based on the findings in OWCP's decision, we find that the agency failed to prove that the appellant's doctor's statement was related to its denial of annual leave for March 21 and 22, 2013, but involved separate circumstances, and was not a deception for the appellant to be absent for the time that leave had otherwise been properly denied.  Further, the failure of the statement to indicate why the appellant would be incapacitated is not, under the circumstances, an omission that evidences deception on the appellant's part and/or as to the basis of her inability to work from March 19 through March 26, 2013.  Given OWCP's decision, the appellant's doctor's statement did not fail to disclose something that should have been disclosed in order to make the given statement accurate and complete.  *See Ludlum*, [278 F.3d 1280](), 1284.

¶15      OWCP's decision, however, does not warrant reversing the lack of candor and AWOL charges because the administrative judge properly sustained the other specification of the lack of candor charge and the remaining specification of the

AWOL charge. As the administrative judge found, the agency proved the specification of the lack of candor charge that the appellant was not candid when she stated to her supervisor that she had been invited to the EAP meeting and did not know what it was about. IAF, Tab 5 at 73. The record shows that the appellant by her own admission had scheduled the meeting, and thus knew what is would be about. ID at 20-21. Further, as the administrative judge found, the agency proved that the appellant was AWOL for 1½ hours when she attended the EAP meeting without requesting leave, even though she knew that she must request leave for the meeting. ID at 24. Where, as here, there is one charge with multiple factual specifications set out in support of the charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Thus, the administrative judge properly found that the agency met its burden of proof on its charges of lack of candor and AWOL on the basis of proof of one supporting specification. *See Crawford–Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 19 (2005).

¶16        To the extent that the appellant disagrees with the administrative judge's credibility findings and weighing of the evidence regarding the charges other than lack of candor and AWOL, the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. Although the administrative judge did not make explicit credibility findings regarding the agency's witnesses, she found that the appellant's supervisor's testimony had more probative value that the appellant's denial of the charged misconduct of disrespectful conduct, ID at 11, and she credited the agency witnesses who testified regarding the appellant's failure to follow directions, ID at 13-20. The administrative judge explicitly found not credible the appellant's denial of the conduct underlying the charge of inappropriate conduct. ID at 13. The Board must give deference to an administrative judge's credibility determinations where, as here, they are based

explicitly or implicitly on the observation of the demeanor of witnesses testifying at a hearing. *See Haebe v. Department of Justice*, [288 F.3d 1288](#), 1301 (Fed. Cir. 2002); *accord Walker v. Department of the Army*, [102 M.S.P.R. 474](#), ¶ 13 (2006). We discern no reason to reweigh the evidence or substitute the Board's own judgment on credibility issues here. *See Haebe*, [288 F.3d 1288](#), 1302; *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987).

¶17        Where, as here, the agency proves fewer than all of its charges, the Board may not independently determine a reasonable penalty. *Gray v. U.S. Postal Service*, [97 M.S.P.R. 617](#), ¶ 11 (2004), *aff'd*, No. 05-3074, 2005 WL 1368093 (Fed. Cir. June 9, 2005); *Tisdell v. Department of the Air Force*, [94 M.S.P.R. 44](#), ¶ 16 (2003). Rather, the Board may mitigate to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Gray*, [97 M.S.P.R. 617](#), ¶ 11; *Tisdell*, [94 M.S.P.R. 44](#), ¶ 16. The Board may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors. *Gray*, [97 M.S.P.R. 617](#), ¶ 11. The Board's function regarding its review of an agency's penalty selection is not to displace management's responsibility, but to determine whether management exercised its judgment within the tolerable limits of reasonableness. *Id.*; *Carlton v. Department of Justice*, [95 M.S.P.R. 633](#), ¶ 6 (2004).

¶18        Although the administrative judge did not sustain the serious charge of willful misuse of a GOV, we agree with her determination that removal is the maximum reasonable penalty. Importantly, the deciding official did not indicate that a lesser penalty would be imposed on fewer than all of the charges. Indeed, as the administrative judge found, the deciding official indicated that each of the

charges of unauthorized use of a GOV, failure to follow directions, and lack of candor alone warranted removal.[3] ID at 31.

¶19    Disrespectful conduct is a serious offense, and agencies are entitled to expect employees to conduct themselves in accordance with accepted standards. *See Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 13 (2010) (the Board has held that removal is an appropriate penalty for a single charge of disrespectful conduct that includes multiple specifications), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011). Additionally, the Board has found that the penalty of removal is appropriate where the appellant has demonstrated lack of candor and has taken unauthorized absences. *See Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008) (the Board found that the removal penalty was reasonable where the appellant demonstrated lack of candor and inappropriate conduct); *Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶¶ 2, 12–18 (2004) (removal was reasonable where the employee engaged in conduct unbecoming and exhibited a lack of candor), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005). Thus, we agree with the administrative judge that the penalty of removal for the charges of disrespectful conduct, lack of candor, unauthorized absence, unauthorized use of a GOV, inappropriate conduct, and failure to follow instructions is not beyond the tolerable limits of reasonableness. *See* ID at 29-31.

¶20    In her petition for review, the appellant appears to challenge the administrative judge's findings that she failed to prove her affirmative defenses of discrimination and retaliation. PFR File, Tab 2 at 3-5. Based upon our review

---

[3] The appellant asserts in her petition that the administrative judge erred by failing to address the appellant's assertion that she had been detailed to another supervisor at the time that the agency effected her removal. Even if the appellant was detailed at the time that the agency removed her, the position from which she was removed remained her position of record, and she was removed from her position of record. IAF, Tab 5 at 25. To the extent that the administrative judge erred in failing to mention the appellant's detail, her failure did not prejudice the appellant's substantive rights and provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

of the record, however, we discern no basis to disturb the well-reasoned findings of the administrative judge in this regard.  ID at 25-29.

¶21      Accordingly, we AFFIRM the agency's removal action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                                      _____
                                                   William D. Spencer
                                                   Clerk of the Board

Washington, D.C.