NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WAYNE C. HAWKES,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2016-1387

---

Petition for review of the Merit Systems Protection Board in Nos. SF-0752-13-0038-I-2, SF-0752-15-0049-I-1.

---

Decided: August 10, 2016

---

WAYNE C. HAWKES, Davis, CA, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN MIZOGUCHI, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Wayne Hawkes appeals *pro se* a final decision of the Merit Systems Protection Board upholding his suspension and removal from the Department of Agriculture. The Board determined that the agency met its burden with respect to its causes for adverse action and that Mr. Hawkes failed to establish any affirmative defense. The Board's decision is supported by substantial evidence, in accordance with law, and neither arbitrary, capricious, nor an abuse of discretion. We *affirm*.

## BACKGROUND

Mr. Hawkes worked as a supervisory research chemist at the USDA for over 30 years. He maintained a reputation for taking safety concerns seriously, in part due to whistleblowing disclosures to the Occupational Safety & Health Administration (OSHA) in 1995 and 1997. In 2012, a laboratory malfunction led to a series of confrontations between Mr. Hawkes and his coworkers. Those confrontations resulted in a supervisor directing Mr. Hawkes to take an anger management course, which he failed to timely complete. Mr. Hawkes later vented his frustration to a colleague, who reported Mr. Hawkes' statements as threats against a supervisor. This culminated in Mr. Hawkes' receiving 30 days suspension. A year later, Mr. Hawkes was removed from employment due to disruptive behavior in a meeting of senior scientists.

Mr. Hawkes filed two appeals before the Board, one challenging the suspension and another challenging the removal. An administrative judge joined the two appeals and sustained both agency actions. In its initial decision, the Board found that the agency met its burden with respect to charges of causing a disruption in the workplace and failure to follow instructions, which led to the suspension and with respect to conduct unbecoming a federal employee, which led to the removal. On review,

the full Board affirmed the initial decision. Mr. Hawkes appeals. We have jurisdiction pursuant to 5 U.S.C. § 7703.

STANDARD OF REVIEW

Our review of Board decisions is limited. *Kahn v. Dep't of Justice,* 618 F.3d 1306, 1312 (Fed. Cir. 2010). We may only reverse a Board decision if we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. *Id.* Substantial evidence exists where a reasonable mind could accept that evidence as adequate support for a conclusion. *See Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981). The Board's credibility determinations are virtually unreviewable on appeal. *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998).

DISCUSSION

Mr. Hawkes does not deny that he failed to complete the anger management course on time as instructed, made the allegedly threatening statements, and disrupted the meeting of senior scientists. Instead, Mr. Hawkes has consistently maintained that his statements were jokes and not intended to be threatening. However, intent is not an element because, as the Board explained, the agency suspended him for disrupting the workplace, not making threats. J.A. 37.

Mr. Hawkes primary contention on appeal is that the agency's stated grounds for suspension and removal are guise for improper retaliation against his protected whistleblowing activities. He also contends that the agency improperly relied on "threats, emotional disability, breaching [of] a confidentiality agreement, [and] Petitioner's lawsuit" against a coworker." Petitioner's Br. 4. The Board explained that it was persuaded by credible evi-

dence from agency officials that the decision to suspend and remove Mr. Hawkes was not motivated by any of those grounds. *See, e.g.*, J.A. 42, 44−46. Further, Mr. Hawkes' packaging these arguments as due process violations is to no avail, because Mr. Hawkes had no right to notice of grounds that were not relied on by the agency.

The Board also correctly explained that it did not have jurisdiction in this appeal to consider whether other agency actions—such as moving Mr. Hawkes' office and limiting his contact with colleagues—were improperly motivated by his protected whistleblower activities, because Mr. Hawkes did not file an appeal challenging those agency actions, only his suspension and removal. J.A. 43.

For the protected whistle blowing activities that Mr. Hawkes was able to establish as being relevant to the agency's decision to suspend and remove him, the Board correctly applied the three-part test from our decision in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Despite the evidence Mr. Hawkes submitted to the contrary, the Board explained that it was persuaded by clear and convincing evidence from agency officials, whom the Board found credible, that the agency would have suspended and removed Mr. Hawkes regardless of his protected activities. The Board's factual determinations are supported by substantial evidence, and we will not disturb them.

Mr. Hawkes asserts that the administrative judge erred in consolidating his appeals because that resulted in considering his suspension as prior discipline relevant to his removal even though his suspension was still pending appeal. He also asserts that the administrative judge erred in denying certain of his proffered witnesses. We do not find these procedural objections persuasive. There was no error in consolidating the appeals because the Board is allowed to consider prior disciplinary action even

when that prior discipline is pending appeal. *Suggs v. Dep't. of Veterans Affairs*, 113 M.S.P.R. 671, 675 ¶ 11 (2010), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011). Mr. Hawkes waived his objection to the denial of witnesses by failing to timely object to the administrative judge's decision after the pre-conference ruling. J.A. 49–50.

We *affirm* the Board's decision.

## AFFIRMED

COSTS

No costs.