NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DWIGHT A. SUGGS,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2010-3154

---

Petition for review of the Merit Systems Protection Board in case No. SF0752090734-I-1.

---

Decided: February 11, 2011

---

DWIGHT A. SUGGS, Los Angeles, California, pro se.

SARAH A. MURRAY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, BRIAN SIMKIN, Assistant Director.

---

Before BRYSON, CLEVENGER, and LINN, *Circuit Judges.*

PER CURIAM.

## DECISION

Dwight A. Suggs petitions for review of a final decision by the Merit Systems Protection Board. The Board determined that the adverse personnel action that the Department of Veterans Affairs ("DVA") took against Mr. Suggs was not a retaliatory action prohibited by the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). The Board's decision is in accordance with the law and is supported by substantial evidence. We therefore affirm.

## BACKGROUND

This case arises out of comments that Mr. Suggs made about his supervisor, Charles Lemle, at a January 2009 staff meeting of the Environmental Management Service within the DVA. The meeting was conducted in a question-and-answer format, and approximately 100 DVA employees were present. Mr. Suggs, a housekeeping aide, asked Mr. Lemle about the disparity in pay and promotional opportunities available to DVA housekeeping employees at his facility compared to those at neighboring facilities. Dissatisfied with Mr. Lemle's response, Mr. Suggs called Mr. Lemle "incompetent" in front of the group. His statement disrupted the meeting; when told to sit down and be quiet, Mr. Suggs refused. Based on his conduct at the meeting, the DVA removed Mr. Suggs. The agency predicated the removal on three charges: disrespectful conduct, disruptive conduct, and delay in carrying out an order.

Mr. Suggs appealed his termination to the Board. The administrative judge affirmed only the disrespectful conduct charge, finding the other charges to be duplicative and unsupported. The administrative judge also affirmed the penalty of removal. The full Board, however, granted Mr. Suggs' petition for review and mitigated the removal to a 30-day suspension.

Mr. Suggs raised a defense of whistleblowing, and his petition to this court centers around that defense. The administrative judge held that Mr. Suggs made three protected disclosures. She also concluded, however, that the DVA had met its burden to show that it would have taken the adverse action in question even if Mr. Suggs had not made those disclosures. She therefore held that the DVA did not retaliate against Mr. Suggs in violation of the WPA. The full Board did not address Mr. Suggs' defense.

## DISCUSSION

1. At the outset, Mr. Suggs makes numerous allegations of perjury by persons involved in the action against him. For instance, Mr. Suggs suggests that the deciding official, Lynn Carrier, perjured herself by presenting contradictory testimony, at one point stating that she often signs letters that others prepare for her signature without reading them and at another point stating that she generally reads what she signs. This and other instances of allegedly contradictory testimony that Mr. Suggs identifies were before the administrative judge, who decided to credit the testimony of the agency's witnesses. It is the administrative judge's responsibility to decide whether testifying witnesses are telling the truth. *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998). As an appellate court, we cannot

disturb credibility determinations by a fact-finder who was present during the proceedings except in the most unusual circumstances, not present here.

2. On the merits, Mr. Suggs focuses on the Board's treatment of his affirmative defense of whistleblowing. To prevail, Mr. Suggs had the burden to prove by a preponderance of the evidence that (1) the disclosure was protected as defined by the WPA, and (2) the disclosure was a contributing factor to the adverse personnel action taken against him. *Fellhoelter v. Dep't of Agric.*, 568 F.3d 965, 970-72 (Fed. Cir. 2009). An employee can demonstrate that a disclosure was a contributing factor by adducing evidence that the deciding official was aware of the disclosure and that the length of time between the disclosure and the adverse action was such that a reasonable person could conclude that the disclosure contributed to the agency's decision to take action against him. 5 U.S.C. § 1221(e)(1). If the employee makes that initial showing, the burden shifts to the agency to show by clear and convincing evidence that the agency would have taken the same personnel action in the absence of the disclosure. *Fellhoelter*, 568 F.3d at 971.

Mr. Suggs presented 13 allegedly protected disclosures. The administrative judge dismissed three of the 13 because they were reports of coworker nonperformance. In addition, two of the 13 related to a personality conflict between Mr. Suggs and Paul Arterberry, his first-line supervisor. We agree with the Board that complaints of poor performance by coworkers and statements relating to conflict with a superior do not rise to the level of fraud, waste, or illegal activity, the disclosure of which the WPA protects. *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998).

Five of the eight remaining disclosures occurred between August 2005 and October 2006. Among those five are Mr. Suggs' reports to Mr. Arterberry that the DVA required its housekeeping staff to use the wrong cleaning products and Mr. Suggs' reports to a DVA conflict-resolution office that he felt threatened by Mr. Arterberry and another coworker. The Board did not determine whether those five disclosures were protected, as they all occurred more than two years before the DVA terminated Mr. Suggs. Because of the length of time between those identified disclosures and Mr. Suggs' termination, the administrative judge determined that a reasonable person would not infer that the agency had retaliated against Mr. Suggs for those disclosures. We see no error in that conclusion. 5 U.S.C. § 1221(e)(1)(B); *Reid v. Merit Sys. Prot. Bd.*, 508 F.3d 674, 679 (Fed. Cir. 2007).

The administrative judge found that the three remaining disclosures were protected. In one of the disclosures, which occurred in early 2009, Mr. Suggs contacted the DVA's Office of Inspector General ("OIG") to report that Ms. Carrier had failed to comply with the procedural requirements of the relevant collective bargaining agreement. Ms. Carrier, the deciding official, testified before the administrative judge that she was unaware that Mr. Suggs had made the complaint in question to the OIG.

Mr. Suggs challenges the veracity of Ms. Carrier's testimony on that issue. He points out that Ms. Carrier testified that the OIG contacts her from time to time to discuss reports made by DVA employees. According to Mr. Suggs, that evidence suggests that Ms. Carrier knew about his contact with the OIG. Mr. Suggs also argues that there was circumstantial evidence that Ms. Carrier knew of his contact with the OIG. He points to a 2008 incident for which he was disciplined. Mr. Suggs states

that in that case the agency took disciplinary action against him within a few days of the incident. In the case of the 2009 incident, however, there was a three-month delay between the incident and the agency's proposal to remove him. Mr. Suggs suggests that the OIG must have contacted Ms. Carrier during that three-month period and that the contact must have been what prompted Ms. Carrier to terminate him.

With respect to that issue the administrative judge credited Ms. Carrier's testimony. The fact that the agency pursued disciplinary action against Mr. Suggs more quickly in 2008 than in 2009 does not give rise to an inference that Ms. Carrier took action against Mr. Suggs because she was aware that Mr. Suggs had contacted the OIG. And the fact that OIG contacted Ms. Carrier from time to time regarding employee reports does not prove that the OIG must have contacted her with regard to Mr. Suggs' report. We therefore do not disturb the administrative judge's credibility-based determination that Ms. Carrier was unaware of the disclosure in question.

The administrative judge determined that Ms. Carrier was aware of two of Mr. Suggs' protected disclosures. One was Mr. Suggs' disclosure that LeGrand Coleman, a supervisor to whom Mr. Suggs did not directly report, told Mr. Suggs to stop filing complaints about him. Another is Mr. Suggs' July 2008 disclosure that Mr. Arterberry violated agency policies regarding responses to violence in the workplace.[1] Because Mr. Suggs met his burden to

---

[1] In his brief, Mr. Suggs provides the details of some of these incidents of workplace violence and provides reasons why he believes that Mr. Arterberry did not properly handle the situations. The issue here is not the nature of the violence or whether Mr. Arterberry complied with agency procedures; it is whether Mr. Suggs reported

show that those disclosures were protected, the Board could affirm the agency's action only if the agency proved by clear and convincing evidence that it would have taken the same adverse action in the absence of the disclosures. To decide if an agency has met that burden, the Board ordinarily considers the following factors: (1) the strength of the evidence supporting the adverse action; (2) the existence and strength of the agency's motivation to retaliate; and (3) any evidence that similar actions were taken against employees who were not whistleblowers. *Fellhoelter*, 568 F.3d at 971.

With respect to the first factor, Mr. Suggs does not dispute that the incident in question occurred. As to the third factor, neither party discusses any adverse action taken against similarly situated employees. The only relevant disputed factor is the second factor, the agency's motivation to retaliate. The Board credited Ms. Carrier's testimony that she did not remove Mr. Suggs because of the disclosures and had no reason to remove him because of the disclosures, as they were not incidents that would subject her to any embarrassment or discipline. In light of the clear evidence that Mr. Suggs publicly undermined his supervisor's authority at the Environmental Management Service staff meeting, we sustain the administrative judge's determination that the agency would have taken the same action against Mr. Suggs absent the protected disclosures. Accordingly, we affirm the Board's decision.

No costs.

**AFFIRMED**

---

what he reasonably believed amounted to a violation of an agency rule and whether that disclosure was a factor in the DVA's decision to take action against him.