**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK WEIDHASE, | DOCKET NUMBER |
| Appellant, | SF-0752-17-0153-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: July 17, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Jennifer R. Hong, Esquire, Los Angeles, California, for the agency.

Stanislaus A. Gonsalves, Esquire, Oak Brook Terrace, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained the removal action. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Prior to his removal, the appellant was a Criminal Investigator, GS-14, with the agency's Immigration and Customs Enforcement division in the Los Angeles Field Office. Initial Appeal File (IAF), Tab 1 at 1. On August 31, 2014, he was involved in a traffic collision when the driver of another vehicle rear-ended his personal vehicle. Hearing Transcript (HT) at 100:16-101:8 (testimony of the appellant). Following the collision, the appellant observed that the suspect was Hispanic, spoke limited English, had a Mexican voter identification card in his wallet, and seemed reluctant to involve law enforcement. HT at 102:2-103:2. The appellant asked the suspect where he was from and the suspect responded "de alla" (which translates to "from over there"). HT at 103:23-104:12. The appellant obtained his agency law enforcement credentials from his vehicle and identified himself as a law enforcement officer. HT at 104:24-105:5. The suspect immediately took flight and the appellant pursued and detained him until local law enforcement could arrive. HT at 104:24-105:5, 107:20-22. In the

course of these events, the appellant suffered an injury to his knee. IAF, Tab 8 at 178-79.

¶3 The appellant subsequently left two voicemail messages for his supervisor. HT at 169:25-170:12, 170:23-171:6 (testimony of the appellant). On September 1, 2014, the appellant sent an email to his supervisors recounting the incident. IAF, Tab 8 at 236. On September 2, 2014, the appellant submitted a Form CA-1 ("Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation") to the Office of Workers' Compensation Programs (OWCP) in which he attested that he sustained a work-related injury to his knee during the incident. *Id.* at 178-79. The appellant was asked to submit additional information to OWCP and, on September 23, 2014, the appellant submitted a detailed statement regarding the incident. IAF, Tab 9 at 194-95. The appellant's supervisor reported his belief that the appellant had filed a false OWCP claim and the Office of Professional Responsibility (OPR) conducted an investigation. IAF, Tab 8 at 135.

¶4 On March 15, 2016, the agency proposed to remove the appellant based on the following charges: (1) Misuse of Law Enforcement Authority (three specifications); and (2) Lack of Candor (four specifications). *Id.* at 127-33. The agency charged the appellant with misuse of his law enforcement authority when he displayed his law enforcement credentials, engaged in a foot pursuit, and detained an individual while off duty and without the proper authority. *Id.* at 128. The agency also charged the appellant with lack of candor when he gave incomplete or incorrect information in voicemails and emails to his supervisor, on forms related to his workers' compensation claim, and during his OPR interview. *Id.* at 128-29. On November 15, 2016, the agency issued a decision letter sustaining the charges and finding that removal was an appropriate penalty. *Id.* at 21-31. The appellant was removed effective immediately upon receipt of the decision letter. *Id.* at 22.

¶5     The appellant timely filed an appeal of his removal with the Board.  IAF, Tab 1.  Following a hearing, the administrative judge issued an initial decision sustaining the removal action.  IAF, Tab 27, Initial Decision (ID) at 23.  The administrative judge found that the agency did not prove any of the three specifications underlying the charge of misuse of law enforcement authority, and accordingly, did not sustain the charge.  ID at 12-13.  Of the four lack of candor specifications, the administrative judge found that the agency did not prove specifications 1 and 4 but she sustained specifications 2 and 3.  ID at 13-20.  She thus sustained the lack of candor charge.  ID at 20.  She also found that the removal penalty was within the parameters of reasonableness and was the maximum reasonable penalty for the sustained charge.  ID at 21-23.

¶6     On petition for review, the appellant challenges the administrative judge's findings on the two lack of candor specifications that were sustained.  Petition for Review (PFR) File, Tab 3.  The appellant argues that the agency failed to meet its burden to prove the remaining two lack of candor specifications.  *Id.* at 12.  The agency has filed a response, to which the appellant has replied.  PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly sustained the lack of candor charge.

¶7     Lack of candor "is a broader and more flexible concept" than falsification. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). Although lack of candor does not require an affirmative misrepresentation, it involves an element of deception.  *Id.* at 1284-85.  An agency alleging lack of candor must prove the following elements:  (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly.  *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶17 (2016).

¶8     Under specification 2 of the lack of candor charge, the agency stated the following:

On September 2, 2014, you completed and submitted the Form CA-1 for an injury that occurred on August 31, 2014 following a traffic collision where you were rear-ended. On the form, you stated that you were rear-ended by a suspect and that the "suspect stated he did not have a driver's license and stated he was unlawfully present, then fled the scene" after you identified yourself as an [Homeland Security Investigations (HSI)] Special Agent. You were less than truthful in your statement on the Form CA-1 because you did not mentioned [sic] the fact that the suspect who rear-ended you stated he was unlawfully present in your previous communications to your supervisor Assistant Special Agent in Charge (ASAC) . . . . Specifically, you left two voicemail messages for ASAC . . . on the night of August 31, 2014. In your voicemail messages, you did not inform ASAC . . . that [the suspect] said he was unlawfully present in the United States. Additionally, on September 1, 2014, you sent ASAC . . . an email detailing the circumstances surrounding the traffic collision and the subsequent detention of [the suspect] and you did not indicate that the suspect stated he was unlawfully present. Your statement on the Form CA-1 constitutes a lack of candor.

IAF, Tab 8 at 129.

¶9     Here, the administrative judge found that the agency proved that the appellant made an incorrect statement on the Form CA-1 and that he did so knowingly. ID at 16. Importantly, the administrative judge noted that the appellant testified during the hearing that, in his encounter with the suspect on August 31, 2014, the suspect did not state that he was unlawfully present or an illegal alien. HT at 159:2-4, 173:8-11 (testimony of the appellant). Thus, the administrative judge found that, at the time the appellant completed the Form CA-1 and wrote that "the suspect . . . stated he was unlawfully present," the appellant was knowingly providing incorrect information. ID at 16; IAF, Tab 8 at 178-79. The administrative judge acknowledged that the suspect's statements to the appellant may have created a reasonable suspicion that the suspect was unlawfully present. ID at 16. However, the administrative judge properly noted that a reasonable suspicion that the suspect was unlawfully present is not the same as the suspect *stating* he was unlawfully present. *Id.* We thus discern no

basis for disturbing the administrative judge's findings that the appellant knowingly provided incorrect information on the Form CA-1. *See Fargnoli*, 123 M.S.P.R. 330, ¶ 17. Based on the foregoing, we find that the administrative judge properly sustained specification 2 of the lack of candor charge.

¶10    Specification 3 of the lack of candor charge states as follows:

> On or about September 23, 2014, you submitted correspondence to the claims examiner . . . with the Office of Workers' Compensation Program. In that correspondence, you stated that an accident occurred as described in the Riverside Sheriff's Department Incident Report. You further stated, "Based on his demeanor, body language and evasive response to my question regarding his immigration status," you identified yourself as a Special Agent for the Department of Homeland Security, at which time [the suspect] took flight. However, in your September 1, 2014, email to your supervisor ASAC . . . you did not mention questioning [the suspect] about his immigration status or the fact that he gave an evasive response. During your March 26, 2015, interview with the Special Agent from the Office of Professional Responsibility, you stated that you did not question [the suspect] about his immigration status because he fled before you had a chance to do so. Your statement in your September 23, 2014 correspondence to the claims examiner constitutes a lack of candor.

IAF, Tab 8 at 129.

¶11    Here, the administrative judge found that the agency proved that the appellant made incorrect or incomplete statements in the September 23, 2014 letter to OWCP when he stated that, during the August 31, 2014 incident, the suspect gave an "evasive response to my question regarding his immigration status." ID at 18. In addition, the administrative judge found that this incorrect statement was made knowingly. *Id.* Specifically, after reviewing all of the appellant's statements, the administrative judge found no evidence that the appellant ever asked the suspect a question "regarding his immigration status" and that, accordingly, there was also no evidence that the suspect provided any "evasive response" to said question. *Id.* Moreover, the administrative judge correctly noted that the appellant testified under oath during his interview with

OPR that he did not question the suspect about his immigration status or ask him where he was from. ID at 18; IAF, Tab 9 at 79-80. We thus discern no basis for disturbing the administrative judge's findings that the appellant knowingly provided incorrect information in the September 23, 2014 letter to OWCP. *See Fargnoli*, 123 M.S.P.R. 330, ¶ 17. Based on the foregoing, we find that the administrative judge properly found that the agency proved specification 3 of the lack of candor charge. Because the administrative judge correctly sustained specifications 2 and 3, we find that she correctly sustained the lack of candor charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (explaining that, when there is one charge with multiple factual specifications set out in support of the charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

The administrative judge correctly found that the agency established the nexus requirement and that the penalty of removal was reasonable under the circumstances.

¶12        In addition to proving the charge by preponderant evidence, the agency must also establish the existence of a nexus between the misconduct and the efficiency of the service, and that the penalty of removal is reasonable. 5 U.S.C. § 7513(a); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 18 (2013); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306-07 (1981). The nexus requirement, for purposes of determining whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). We agree with the administrative judge's findings that the agency has met the nexus requirement here. ID at 21; *see Ludlum v. Department of Justice*, 87 M.S.P.R. 56,

¶ 28 (2000) (finding that lack of candor strikes at the very heart of the employer-employee relationship), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

¶13     Regarding the penalty, when, as here, not all of the charges are sustained, the Board will consider carefully whether the sustained charges merit the penalty imposed by the agency. *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 6 (2010), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011). In such circumstances, the Board may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires a lesser penalty be imposed on fewer charges. *Id.* In doing so, the Board may not disconnect its penalty determination from the agency's managerial will and primary discretion in disciplining employees. *Id.*

¶14     In the initial decision, the administrative judge discussed the deciding official's consideration of the seriousness of the offense and its relation to the appellant's duties as a law enforcement officer. ID at 21-22; IAF, Tab 8 at 27-31; HT 14:25-16:8 (testimony of the deciding official). Specifically, she relied on his testimony that "the ability to provide credible and factual testimony and recounts of events is central to the law enforcement position which [the appellant] holds as he may be called to testify in court." ID at 22; IAF, Tab 8 at 27. Additionally, the administrative judge credited the deciding official's testimony that the appellant's lack of candor presented an integrity issue that resulted in a loss in the appellant's ability to perform his duties. ID at 22. She, like the deciding official, considered mitigating factors such as the appellant's many years of service, lack of disciplinary history, and good performance, but concluded that they do not outweigh the seriousness of the offense. *Id.*; IAF, Tab 8 at 27-28; HT 16:12-17:6, 20: 11-25 (testimony of the deciding official). Finally, she observed that the deciding official did not testify regarding what penalty he would have imposed if only the lack of candor charge was sustained. ID at 23. As such, she found that removal was still the appropriate penalty. ID at 22-23.

¶15　　The appellant does not challenge the administrative judge's findings on review, PFR File, Tab 1, and we discern no reason to disturb them, ID at 21-23. The Board has long placed particular emphasis on the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities.  *See Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014) (stating that, in evaluating the penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities), *aff'd*, 617 F. App'x 996 (Fed. Cir. 2015) (Table); *see Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003) (same).  Further, it is well settled that law enforcement officers are held to a higher standard of honesty and integrity.  *Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 36 (2011).  Thus, the seriousness of the appellant's lack of candor, as explained by the deciding official, particularly in light of his position as a law enforcement officer, is of paramount consideration.  Based on the foregoing, we agree with the administrative judge that removal is the maximum reasonable penalty for the sustained charge.  ID at 23; *see Carlton v. Department of Justice*, 95 M.S.P.R. 633, ¶¶ 7-9 (finding that the removal penalty was reasonable when a law enforcement officer demonstrated lack of candor and conduct unbecoming).

¶16　　Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.