UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DICKIE T. LAM,
      Appellant,

v.

DEPARTMENT OF HOMELAND
   SECURITY,
      Agency.

DOCKET NUMBER
PH-0752-22-0250-I-1

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karen Weisbord, Philadelphia, Pennsylvania, for the appellant.

Laura Donohue-Liban, George Johnson, Ronetia Douglas and
   Jayne T. Haiber, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which mitigated the appellant's removal to a 60-day suspension without pay. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and cross petition for review, and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     Prior to his removal, the appellant was a GS-12 Customs and Border Protection Officer for the agency's U.S. Customs and Border Protection (CBP) division stationed in Philadelphia, Pennsylvania. Initial Appeal File (IAF), Tab 6 at 68. On September 12, 2020, the appellant, while on duty, in uniform and in a marked CBP vehicle, made a traffic stop on the Walt Whitman Bridge at the border of Pennsylvania and New Jersey. *Id.* at 164-65. The appellant notified his supervisor of the incident after he returned to his duty station, IAF, Tab 1 at 17, and his supervisor notified agency leadership, IAF, Tab 6 at 211. Shortly thereafter, the agency found that the appellant's statement to his supervisor conflicted with the police report, and the Office of Professional Responsibility (OPR) initiated an investigation into the traffic stop. IAF, Tab 6 at 198. At the conclusion of the investigation, OPR determined that the appellant made an unauthorized traffic stop and provided conflicting accounts of the stop to the agency, but did not knowingly provide false or misleading information to the agency. *Id.* at 178-96.

¶3      On February 18, 2022, the agency proposed to remove the appellant, based on the following charges: (1) Misuse of a Government Vehicle for Other than Official Purposes, (2) Misuse of Authority, and (3) Lack of Candor (five specifications). *Id.* at 164-73. The agency charged the appellant with misuse of his Government vehicle when while on duty, in uniform, and driving a marked CBP law enforcement vehicle, he activated the vehicle's emergency signaling device while driving behind a private vehicle to cause the driver to stop without an official purpose. *Id.* at 164. The agency charged him with misuse of authority while on duty, and in uniform, he requested the private driver's license, insurance information, and vehicle registration, took custody of his driver's license, detained the driver for approximately 12 minutes prior to local law enforcement arriving, and signed the ticket in his capacity as a CBP Officer with no nexus to his authority as a CBP Officer and without having peace officer status. *Id.* The agency also charged the appellant with lack of candor when he gave conflicting information to his supervisor, in his written statement, and during his OPR interview. *Id.* at 165-66. On May 31, 2022, the agency issued a decision letter sustaining the misuse of authority and lack of candor charges and removed the appellant effective June 14, 2022. *Id.* at 70-75.

¶4      The appellant timely appealed his removal to the Board challenging the charges against him. IAF, Tab 1. He also raised the affirmative defense of reprisal for equal employment opportunity (EEO) activity. *Id.* at 18-21. After holding the requested hearing, IAF, Tab 1 at 2, Tabs 32-34, Hearing Recording (HR), the administrative judge issued an initial decision, IAF, Tab 35, Initial Decision (ID). Therein, he found that the agency proved the lack of candor charge by preponderant evidence but failed to prove the charge of misuse of authority by preponderant evidence. ID at 7-18. He also found that the appellant failed to prove his affirmative defense of reprisal for EEO activity. ID at 18-19. Finally, although he found that the agency proved that a nexus existed between the appellant's conduct and the efficiency of the service, he found that it failed to

show that removal based on the sole sustained charge of lack of candor was reasonable.  ID at 19-22.  Accordingly, he mitigated the penalty of removal to a 60-day suspension without pay.  ID at 22.

¶5        The agency has filed a petition for review of the initial decision.[2]  Petition for Review (PFR) File, Tab 1 at 5-26.  The appellant has responded to the agency's petition for review and filed a cross petition for review challenging the administrative judge's decision to mitigate his removal to a 60-day unpaid suspension.  PFR File, Tabs 3-4.  The agency has filed a reply to the response and has responded to the appellant's cross petition for review.  PFR File, Tabs 6, 9. Additionally, the appellant has filed motions for leave to file a surreply.[3]  PFR File, Tabs 7, 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        On review, the agency challenges the administrative judge's finding that the agency failed to prove its misuse of authority charge and two specifications of its lack of candor charge.  PFR File, Tab 1 at 5-19.  Specifically, the agency argues that the administrative judge made erroneous findings of facts and failed to

---

[2] With its petition for review, the agency submitted a certification of its compliance with the interim relief order and provided evidence demonstrating that it has complied with the administrative judge's interim relief order.  Petition for Review (PFR) File, Tab 1 at 27-31; *see* 5 C.F.R. § 1201.116(a).  The appellant does not challenge the agency's certification on review.

[3] Following the agency's reply to the appellant's response to its petition for review, the appellant filed a motion for leave to file a surreply.  PFR File, Tab 7.  The appellant filed a second motion for leave to file a surreply following the agency's response to his cross petition for review.  PFR File, Tab 10.  Such pleadings are generally not allowed absent approval by the Office of the Clerk of the Board based upon a party's motion describing the nature of and need for the pleading.  *See Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 8 n.1 (2016); 5 C.F.R. § 1201.114(a)(5).  Here, the appellant argues that a surreply is necessary to address the agency's misrepresentation of the record, the law, and the administrative judge's initial decision.  PFR File, Tab 7 at 5, Tab 10 at 5-6.  As explained below, we conclude that the administrative judge correctly determined that the agency failed to prove its misuse of authority charge and found that removal was unreasonable under the circumstances of this case.  Thus, we discern no need for these additional pleadings.  Accordingly, the appellant's motions for leave to file a surreply are denied.

properly assess the credibility of the witnesses. *Id.* The agency also argues that the administrative judge improperly mitigated its chosen penalty of removal. *Id.* at 19-26

<u>The administrative judge made reasoned findings of fact and credibility-based determinations.</u>

¶7    The agency argues the administrative judge erroneously found that the appellant's actions following the traffic stop to be appropriate based on the deciding official's decision not to sustain the misuse of a Government vehicle for other than official purposes charge and his belief that briefly engaging a driver is appropriate. PFR File, Tab 1 at 10-13; ID at 7-13. It argues that in concluding that the appellant's actions were appropriate and consistent with the actions of a witness, the administrative judge failed to correctly address the appellant's misuse of his authority to detain the driver and the driver's license, to determine the requisite traffic charge, and to sign and issue a ticket to the driver. PFR File, Tab 1 at 10-17. In response, the appellant argues that the administrative judge's findings are supported by the record. PFR File, Tab 3 at 12-13, 19-22. We agree with the appellant that the administrative judge made appropriate fact findings and properly considered the relevant evidence in making his determinations. Here, the agency based its charge of misuse of authority on the following specification:

> On September 12, 2020, at approximately 12:42 PM, while on duty, and in uniform, with no nexus to your authority as a CBP Officer and without having peace officer status, you approached a private driver, requested his license and vehicle registration, and took custody of his driver's license; you also requested his insurance information and detained the driver for approximately 12 minutes prior to local law enforcement arriving. When law enforcement officers from the Delaware River Port Authority Police Department (DRPA) arrived, you informed them of the State of New Jersey traffic violation to charge on the resulting Complaint-Summons (No. 0414-PA-293725), signed your name as the complaining witness in your capacity as a CBP Officer; and you served the Complaint-Summons on the driver.

> Your conduct had no nexus to your authority and position as a CBP Officer.

¶8    The administrative judge found that the agency failed to prove its charge by preponderant evidence. ID at 7-13. In so finding, the administrative judge explained that the deciding official conceded that many of the factual allegations in the agency's charge were appropriate. ID at 10-13; IAF, Tab 33, HR (testimony of deciding official). Specifically, he noted that the deciding official testified that both the traffic stop and the appellant's subsequent actions were appropriate and that the appellant had no authority over the DRPA officers.[4] ID at 10-13; IAF, Tab 33, HR (testimony of deciding official). The administrative judge found that those concessions along with the other evidence in the record undermined the agency's charge. ID at 11-13. The administrative judge concluded that, amongst other things, the evidence and testimony that the agency has no policy expressly addressing traffic stops; that CBP officers, including the appellant, have made traffic stops and requested and received identification without discipline; and that the agency reports reflect that the DRPA officers completed and issued the ticket did not support sustaining the agency's charge considering the deciding official's concessions. ID at 10,13; IAF, Tab 6 at 135, 147-57, 198, 200; Tab 19 at 150-54; Tab 33, HR (testimony of the appellant, the appellant's supervisor, as well as current and former CBP Officers officers).

¶9    We are similarly unpersuaded by the agency's argument on review that the administrative judge made erroneous findings regarding the 12-minute stop. PFR File, Tab 1 at 13-14. The agency argues that he "made the erroneous leap that because [the deciding official] said it is acceptable for a [CBP Officer] to call 911, then a twelve-minute detention was out of the Appellant's control." *Id.*; ID at 12. However, the administrative judge did not solely consider the deciding official's concession regarding the appropriateness of the 911 call. Instead, he

---

[4] The administrative judge found that the deciding official conceded that it was okay for the appellant to act as a witness regarding a state crime or violation, to sign the ticket as a witness, and to call 911 after making the stop. ID at 12.

made reasoned conclusions based on numerous factors. ID at 12-13. In particular, the administrative judge considered that the deciding official testified that "it is 'sometimes appropriate to pull over a driver who is reckless or dangerous' and a [CBP Officer] 'can stop a vehicle if it is a risk to public safety.'" ID at 11; IAF, Tab 33, HR (testimony of the deciding official). He considered the deciding official's concession that the appellant properly stopped the reckless driver and called 911. ID at 12; IAF, Tab 33, HR (testimony of the deciding official). He also considered the lack of a policy addressing traffic stops, and testimony and evidence corroborating that other CBP Officers have made similar traffic stops, to include taking identification, without discipline. ID at 12-13.

¶10    To the extent that the agency argues that the administrative judge erroneously found the appellant to be a mere witness, its argument is without merit. The administrative judge did not determine that the appellant was a witness; instead, he expressed that the appellant's actions "appeared to be that of a witness" in large part based on the evidence and testimony that the appellant relayed the details of the incident to the DRPA officers, the DRPA officers filled out the ticket, asked him about the charge since he witnessed the incident, and requested that he sign it as the complaining witness. ID at 12-13; IAF, Tab 6 at 198, 200, 217, Tab 9 (dash cam video); Tab 33, HR (testimony of the deciding official). Therefore, we discern no basis to disturb the administrative judge's decision to not sustain the misuse of authority charge. ID at 13.

¶11    The agency also argues that the administrative judge failed to properly assess witness credibility in accordance with *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). PFR File, Tab 1 at 6-7. Specifically, the agency asserts that the administrative judge "either did not explain his credibility determinations or conducted scant analysis when he did" in finding that it failed to prove two specifications of its lack of candor charge. PFR File, Tab 1 at 6-7. We disagree.

¶12     The fact that an administrative judge does not mention all of the evidence or *Hillen* factors does not mean that she did not consider them. *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015)*, aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). Here, the administrative judge specified that he had the opportunity to observe the witnesses, considered their demeanor, and relied on the factors identified by the Board in *Hillen* for resolving issues of credibility. ID at 7 n.4. Further, the Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board erred in failing to defer to an administrative judge's implicit demeanor-based credibility findings after holding a hearing, even though demeanor was not specifically discussed); *see also Mithen*, 122 M.S.P.R. 489, ¶ 13 (noting that an administrative judge's credibility determinations are "virtually unreviewable").

¶13     The agency also asserts that the administrative judge improperly found the appellant credible given his numerous inconsistencies regarding what occurred during the traffic stop. PFR File, Tab 1 at 6-7. We find this assertion unavailing. At the outset, the administrative judge was not required to discredit the appellant's credibility on all issues because he found him not credible on one or more issues. *Cross v. Department of the Army*, 89 M.S.P.R. 62, ¶ 14 (2001); *see Hawkins v. Smithsonian Institution*, 73 M.S.P.R. 397, 404 (1997). Instead, the specific instances of lack of credibility are proper considerations in assessing the witness's overall credibility. *Cross*, 89 M.S.P.R. 62, ¶ 14; *see Sternberg v. Department of Defense*, 41 M.S.P.R. 46, 54 (1989) (explaining that once an administrative judge has discredited a witness's testimony on one charge, he must reasonably explain why he accepts the testimony as credible on other charges).

¶14    In the initial decision, the administrative judge considered and gave reasoned explanations for why he did not sustain the two specifications of the lack of candor charge.  ID at 17-18.  With respect to the specification alleging that the appellant failed to disclose information in his written statement, the administrative judge specifically explained he found that the missing information to be immaterial based on the agency's testimony, as noted above, that it had no issues with the appellant serving as a witness.  ID at 17.  Regarding the specification that the appellant's written statement was inconsistent with his OPR interview, the administrative judge found that he credibly explained that he did not include the driver's medical issue in his written statement because he knew it was not factual.  *Id.*  The record also reflects that the appellant testified that he included the information during his OPR interview in response to the investigator's request to describe the incident in as much detail as you can remember.  IAF, Tab 33, HR (testimony of the appellant).  Thus, we find that the administrative judge's credibility analysis was sufficient to justify his factual findings.

We discern no basis to disturb the administrative judge's finding that the appellant failed to establish his affirmative defense.

¶15    The appellant argued that the agency's actions were reprisal for engaging in protected EEO activity.  IAF, Tab 1 at 18-21.  The administrative judge found that the appellant failed to prove this affirmative defense considering the limited evidence and testimony regarding the appellant's affirmative defense.  ID at 18-19.  The parties do not challenge, and we discern no basis to disturb, this finding on review.

<u>We discern no error in the administrative judge's decision to mitigate the penalty of removal to a 60-day suspension.</u>[5]

¶16    In addition to proving its charges by preponderant evidence, the agency must also establish the existence of a nexus between the misconduct and the efficiency of the service, and that the penalty of removal is reasonable. 5 U.S.C. § 7513(a); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 18 (2013); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306-07 (1981). The nexus requirement, for purposes of determining whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). We agree with the administrative judge's findings that the agency has met the nexus requirement here. ID at 18 (citing *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 11 (2006) (reasoning that misconduct that occurred at work satisfies the nexus requirement)).

¶17    Regarding the penalty, when, as here, not all of the charges are sustained, the Board will consider carefully whether the sustained charges merit the penalty imposed by the agency. *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 6 (2010), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011). In such circumstances, the Board may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires a lesser penalty be imposed on fewer charges. *Id.* In doing so, the Board may not disconnect its penalty determination

---

[5]  The appellant largely argues in his cross petition for review that the administrative judge's mitigated penalty is unreasonable. PFR File, Tab 4. However, given our disposition that the administrative judge appropriately mitigated the penalty to 60-days, we deny the appellant's cross petition for review.

from the agency's managerial will and primary discretion in disciplining employees. *Id.*

¶18    On review, the agency continues to argue that the penalty of removal is reasonable based on both the misuse of authority charge and lack of candor charge. PFR File, Tab 1 at 19-26. Because, as discussed above, we agree with the administrative judge that the agency failed to prove the misuse of authority charge, we agree that the penalty can only be based on the lack of candor charge. *See Douglas*, 5 M.S.P.R. at 302 (explaining that the Board reviews the penalty based on the sustained charges to ensure that it is within the range allowed by law and regulation). The agency argues that mitigation is not warranted in this case. PFR File, Tab 1 at 19-26.

¶19    In assessing the penalty, the administrative judge considered the deciding official's decision letter and his testimony. ID at 20. The deciding official testified that the appellant's lack of candor readily supported his removal, that he lost trust and confidence in the appellant's ability to perform his duties, and that, as a law enforcement officer, the appellant's actions made him *Giglio*-impaired. IAF, Tab 33, HR (testimony of the deciding official). The administrative judge acknowledged that the Board considers lack of candor a serious offense that can readily support the penalty of removal. ID at 20 (citing *Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 6 (2005)). Nonetheless, he properly observed that the appellant's law enforcement status does not preclude mitigation of a lack of candor charge. ID at 21 (citing *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 31 (2000)). Specifically, the administrative judge determined that mitigation is appropriate given the appellant's successful 19-year work history, his supervisor's testimony that he is a good and honest officer, and evidence that his prior disciplinary actions occurred over 10 years prior. ID at 20-22. As such, we find that the administrative judge properly determined that the maximum reasonable penalty under the circumstances of this case is a 60-day suspension without pay. ID at 22. For the foregoing reasons, we deny the petition for review

and affirm the initial decision, which sustained the charge of lack of candor but mitigated the removal to a 60-day suspension without pay.

## ORDER

¶20    We ORDER the agency to cancel the appellant's June 14, 2022 removal and substitute in its place a 60-day suspension without pay.  The agency must complete this action no later than 20 days after the date of this decision.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).

¶21    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶22    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶23    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a

¶24    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). *****Do not process online SF50s until notified to do so by DFAS Civilian Pay.***

☐ 5) Certified timecards/corrected timecards. *****Do not process online timecards until notified to do so by DFAS Civilian Pay.***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

   Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

   NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

   The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

   If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.