# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NICOLAS JAMES RIKE,
          Appellant,

v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
PH-0752-23-0075-I-1

DATE:  March 31, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renee Toney, Esquire, Williamsville, New York, for the appellant.

Heather C. Tenney, Esquire, Albany, New York, for the appellant.

Amanda L. E. Smith, Esquire, Buffalo, New York, for the appellant.

Scott W. Flood, Esquire, and Alison McKay, Esquire, Portsmouth, New Hampshire, for the agency.

Cindee Carter, Kittery, Maine, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member*

*The Board members voted on this decision before March 28, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 30-day suspension without pay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

Prior to his removal, the appellant was a GS-12 Supply Management Specialist in Code 500 at the agency's Portsmouth Naval Shipyard in Kittery, Maine. Initial Appeal File (IAF), Tab 7 at 4, 54. On March 23, 2022, he experienced a mild heart attack while on duty, purportedly due to stress, and went to the emergency room. *Id.* at 69. The appellant returned to duty on March 29, 2022. *Id.* That afternoon, just before the end of his shift, the appellant met with his first-line supervisor, M.S., to muster out, provide the requested leave slips for his absences following his medical emergency, and ask his supervisor to sign to acknowledge receipt of a Federal Employees Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation Form CA-1 (CA-1). *Id.* at 69-70,

106. During this encounter, the appellant and M.S. had a confrontation. *Id.* at 70-74, 106-08.

On April 18, 2022, the agency proposed removing the appellant for inappropriate behavior related to the confrontation on March 29. *Id.* at 85-91. In support of its charge, the agency alleged that in response to M.S.'s assertion that he was uncomfortable signing the CA-1 before speaking with someone about it due to his lack of familiarity, the appellant yelled and cursed at him, called him a "fucking liar" and a "[f]ucking [m]other [f]ucker," and demanded that he sign the CA-1. *Id.* at 85-86. On July 5, 2022, the agency issued a decision letter sustaining the inappropriate behavior charged and removed the appellant effective July 9, 2022. *Id.* at 55-60. On July 14, 2022, the appellant amended a pending formal equal employment opportunity (EEO) complaint to include his removal. *Id.* at 22-28. On November 7, 2022, after investigation, the appellant received a Final Agency Decision (FAD) that found that he did not prove that he was subjected to discrimination based on disability or reprisal. *Id.* at 30-49. Subsequently, the appellant filed the instant mixed-case appeal. IAF, Tab 1; *see* 5 C.F.R. § 1201.154(b)(1).

After holding the requested hearing, IAF, Tab 15 at 4, Tabs 51, 54-55, Hearing Recording (HR), the administrative judge issued an initial decision, IAF, Tab 61, Initial Decision (ID). Therein, he sustained the inappropriate behavior charge and found nexus between the charge and the efficiency of the service but mitigated the removal penalty to a 30-day unpaid suspension as the maximum reasonable penalty. ID at 10-17. The administrative judge also concluded that the appellant failed to establish his affirmative defenses of discrimination based on his disability and his prior EEO activity. ID at 15-17.

The agency has filed a petition for review of the initial decision, arguing that the administrative judge misapplied the law to the facts and abused his

discretion by mitigating the agency's chosen penalty.[2] Petition for Review (PFR) File, Tab 1 at 9-35. The appellant has responded in opposition to the agency's petition for review. PFR File, Tab 4. The agency has filed a reply to the response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly held that the agency proved its charge and established nexus and that the appellant failed to prove his affirmative defenses.

Generally, in an adverse action appeal, an agency must prove its charge by a preponderance of the evidence, establish a nexus between the action and the efficiency of the service, and establish that the penalty it imposed is within the tolerable bounds of reasonableness. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). Here, the administrative judge found that the agency proved its charge of inappropriate behavior by preponderant evidence and established a nexus between the action and the efficiency of the service. ID at 10-15. The administrative judge also found that the appellant failed to prove his affirmative defenses, reasoning that the limited evidence and testimony did not suggest any retaliatory or discriminatory animus on the part of the relevant agency officials. ID at 15-17. The parties do not challenge these findings on review, and we discern no reason to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that

---

[2] With its petition for review, the agency submitted a certification of its compliance with the interim relief order and provided evidence demonstrating that it has complied with the administrative judge's interim relief order. Petition for Review (PFR) File, Tab 2 at 4-10; *see* 5 C.F.R. § 1201.116(a). The appellant does not challenge the agency's certification on review.

there is sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred in part at work).

Therefore, the only issue that remains on review is whether the penalty of removal was reasonable based on the single charge of inappropriate behavior. On review, the agency argues that it was and that the administrative judge abused his discretion by failing to give deference to its penalty determination when he mitigated its chosen penalty by reweighing the *Douglas* factors and substituting his own judgment for that of the agency. PFR File, Tab 1 at 9-10, 31-33; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). Upon considering the agency's arguments on review, as discussed below, we are not convinced that the administrative judge erred in mitigating the removal to a 30-day suspension.

<u>The administrative judge correctly found that the agency failed to properly consider the relevant *Douglas* factors and he properly exercised his discretion to reweigh the factors and mitigate the agency's penalty.</u>

Where, as here, the agency's charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 24; *Douglas*, 5 M.S.P.R. at 306 (articulating a nonexhaustive list of factors relevant to a penalty determination in an adverse action). In determining whether the selected penalty is reasonable, the Board gives due weight to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Chin*, 2022 MSPB 34, ¶ 24 (citing *Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001)). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id.*

In mitigating the agency's chosen penalty, the administrative judge reviewed the proposing official's *Douglas* factor analysis, with which the deciding official concurred, and concluded that the agency failed to properly consider all of the evidence in its analysis. ID at 19-22. The agency challenges this finding on review, arguing that the administrative judge erroneously relied on the proposing official's *Douglas* factors analysis. PFR File, Tab 1 at 31-33. Specifically, it contends that "the record clearly establishes that the [deciding official] weighed the relevant *Douglas* factors and specifically considered [the] [a]ppellant's reported job tensions and stress, his allegation that his supervisor provoked him by initiating the swearing and shouting, as well as his prior successful performance and ten-year tenure as mitigating factors." PFR File, Tab 1 at 32. The agency cites its decision letter and the deciding official's testimony to support its contention. IAF, Tab 7 at 55-59, Tab 51, HR (testimony of deciding official). We are not persuaded.

In the initial decision, the administrative judge identified the relevant information in determining that the agency failed to properly consider the relevant mitigating factors in conducting its analysis. ID at 19-22. For example, in its decision letter, the deciding official stated that "[he] considered and concur[red] with all of the *Douglas* factors outlined in [the proposed removal letter]." IAF, Tab 7 at 59. The problem with this is that, as the administrative judge correctly acknowledged, the proposing official believed that there were no mitigating factors such as unusual job tensions, harassment, or provocation surrounding the charged offense. ID at 20; IAF, Tab 7 at 89. The evidence indicating that such factors existed belies such a conclusion. First, the appellant named M.S. a responsible management official for his alleged harassment in the underlying EEO complaint. IAF, Tab 7 at 23. Next, the argument at issue stems from the appellant's attempt to get M.S.'s signature on the CA-1 after having a purported stress-induced heart attack while on duty. IAF, Tab 7 at 69, 85-86. And the appellant attributes that stress, in part, to the alleged bullying and

harassment he faced from M.S. and other management officials. *Id.* at 67-75; IAF, Tab 58, HR (testimony of the appellant). Then, notably, M.S. conceded that he directed the appellant to return to his office after the appellant tried to leave before things really escalated. IAF, Tab 7 at 70; Tab 51, HR (testimony of M.S.).

The deciding official also concurred with the proposing official's conclusion that the appellant's conduct outweighed his 10-year tenure and satisfactory performance, particularly in light of his prior discipline.[3] IAF, Tab 7 at 59-60, 87-88, Tab 51, HR (testimony of deciding official). The administrative judge found this suggestive evidence that the agency did not consider the appellant's work record as a mitigating factor. ID at 20, 22. We agree with the administrative judge. In concurring with the proposing official's analysis, the deciding official assigned more weight to the appellant's prior unrelated discipline. IAF, Tab 7 at 59-60, 87-88, 109-12. Although the Board generally will not discount a prior disciplinary record because it is for an unrelated offense, if the nature of the prior misconduct is sufficiently different from the charges in the proposal at issue, the difference may significantly diminish the weight of that prior discipline in determining a proper penalty. *See Skates v. Department of the Army*, 69 M.S.P.R. 366, 369 (1996); *Lewis v. Department of the Air Force*, 51 M.S.P.R. 475, 484 (1991). As such, we are unconvinced that the appellant's attendance-related discipline, which is sufficiently different from the charged inappropriate behavior, outweighs his 10 years of service, which was free from the discipline at issue here.

Further, despite the agency's argument to the contrary, the deciding official testified that he considered that the factors mentioned above gave context to the dispute but did not excuse the appellant's behavior. IAF, Tab 51, HR (testimony of deciding official). Given these facts, it seems improbable that the deciding

---

[3] The record reflects that the appellant received his first disciplinary action, a letter of reprimand, on August 19, 2021, for an unauthorized absence, lack of candor, and failure to follow instructions. IAF, Tab 7 at 111-12. He also received a 14-day suspension on January 24, 2022, for failure to comply with timekeeping procedures. *Id.* at 87, 109-10.

official adequately considered the relevant mitigating factors. Therefore, we find that the administrative judge properly exercised his discretion in reducing the deference to the agency's penalty determination and reweighing the relevant mitigating factors. ID at 19-22.

<u>The administrative judge did not abuse his discretion by concluding that the maximum reasonable penalty was a 30-day suspension.</u>

The agency argues on review that even if the administrative judge correctly determined its penalty determination was not entitled to deference, removal is within the tolerable limits of reasonableness. PFR File, Tab 1 at 33-35. Specifically, the agency contends that removal is reasonable because it is consistent with its table of penalties for a third disciplinary action and is comparable to personnel actions taken at the shipyard. PFR File, Tab 1 at 33-35. This argument is unavailing.

In the initial decision, the administrative judge determined that the removal penalty exceeded the bounds of reasonableness. ID at 19-22. He explained that the appellant's conduct was serious but concluded that it did not warrant removal under the circumstances. ID at 19. In so finding, the administrative judge relied on the documentary evidence and witness testimony and made credibility findings regarding the March 29, 2022 confrontation and the surrounding circumstances under *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 8, 10-15, 18-19. He considered that in most cases where the Board upheld removal based on a single charge of disrespectful conduct (or similarly titled misconduct), the misconduct involved either multiple specifications, abusive or obscene language, and/or physical action. ID at 19 (citing *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 13 (2010)). He recognized that the charged misconduct involved obscene/abusive language, however he found that both the appellant and M.S. were "shouting and using inappropriate language," and such behavior was seemingly common at the shipyard. ID at 15, 18-21. He also considered that the disciplinary actions of the proffered comparators involved

repeated instances of inappropriate behavior rather than a single incident and noted that only one of the four faced removal. ID at 20-21; IAF, Tab 7 at 44-62. He also found "some dubious analysis" in setting the penalty, reasoning that there are several disciplinary actions between a 14-day suspension and removal. *Id.* at 20 n.22. Moreover, he took into account the agency's failure to properly weigh the mitigating circumstances as explained above. ID at 19-22.

Like the administrative judge, we acknowledge the seriousness of the charge against the appellant and do not minimize its gravity. ID at 19; *see Suggs*, 113 M.S.P.R. 671, ¶ 8 (2010) (recognizing that disrespectful conduct is a serious offense, and agencies are entitled to expect employees to conduct themselves in accordance with accepted standards), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011). Nonetheless, even though the administrative judge sustained the agency's single charge and specification of inappropriate behavior, several mitigating factors were present that justified mitigation. ID at 15, 19-22; *see Suggs*, 113 M.S.P.R. 671, ¶¶ 12-15 (finding that the presence of significant mitigating factors justified reducing the penalty of removal for one charge of disrespectful conduct to a 30-day suspension). Thus, we discern no basis to overturn the administrative judge's well-reasoned conclusion that a 30-day suspension is the maximum reasonable penalty based on the facts of this case. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board may overturn an administrative judge's demeanor-based credibility findings only when it has "sufficiently sound" reasons for doing so); *Crosby*, 74 M.S.P.R. at 106 (1997); *Broughton*, 33 M.S.P.R. at 359 (same).

Accordingly, we deny the petition for review and affirm the initial decision, which sustained the charge of inappropriate behavior but mitigated the removal penalty to a 30-day suspension.

**ORDER**

We ORDER the agency to cancel the removal action and substitute in its place a 30-day suspension effective July 9, 2022. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.